*Electronically Filed*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:18-cv-9-TBR

| | |
|---|---|
| ROBERT L. SCHMIDT, )<br>)<br>　　PLAINTIFF, )<br>)<br>)<br>V. )<br>)<br>)<br>PRO CONSTRUCTION, INC. and )<br>IHG ARMY HOTELS, INTERCONTINENTAL )<br>HOTELS GROUP, PLC )<br>INTERCONTENTIAL HOTELS )<br>GROUP, INC., INTERCONTINENTAL )<br>HOTELS GROUP RESOURCES, INC., )<br>INTERCONTINENTAL HOTELS GROUP )<br>OPERATING CORP, and LENDLEASE )<br>(US) PUBLIC PARTNERSHIP, LLC )<br>)<br>　　DEFENDANTS. ) | **COMPLAINT**<br>**JURY DEMAND** |

Plaintiff Robert L. Schmidt, by counsel, for his complaint against the Defendants states as follows:

**PARTIES**

1.  Plaintiff Robert L. Schmidt is an individual residing at 2704 Covey Lane, Jefferson City, Missouri 65109.

2.  Defendant Pro Construction, Inc. is a North Carolina corporation having a principal office located at 2423 N. Marine Blvd., Jacksonville, North Carolina 28546. Its registered office in North Carolina is 400 New Bridge Street, Jacksonville, North Carolina 28540. Said defendant is not registered to do business in the Commonwealth of Kentucky. As such, said Defendant has appointed the Kentucky

Secretary of State as its agent for service of process for actions arising out of business conducted within the Commonwealth of Kentucky.

3. Defendant IHG Army Hotels is a partnership between Defendant Intercontinental Hotels Group PLC (and/or its subsidiaries) and Defendant LendLease Group (US) Public Partnership, LLC ("LendLease"). Said Defendant operates a collection of private sector hotels located on United States Army installations throughout the Unites States. Said Defendant has a principal office located at 1539 Glen Crest Drive, Columbia, South Carolina 29204. LendLease's principal office is located at 1801 West End Avenue, Suite 1700, Nashville, Tennessee 37203. Defendant IHG Army Hotels has not registered to do business in the Commonwealth of Kentucky. For that reason, said defendant has appointed the Kentucky Secretary of State as its registered agent for service of process for claims arising in the Commonwealth of Kentucky.

4. Defendant LendLease Group (US) Public Partnership, LLC ("LendLease") is a Delaware limited liability company. LendLease's principal office is located at 1801 West End Avenue, Suite 1700, Nashville, Tennessee 37203. LendLease's registered agent for service of process in the Commonwealth of Kentucky is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5. Defendant InterContinental Hotels Group, PLC is an international corporation conducting business through its subsidiaries in the United States including InterContinental Hotels Group, Inc., InterContinental Hotels Group Resources, Inc., InterContinental Hotels Group Operating Corp., and Intercontinental Hotels Group (USA) Franchising, Inc. Defendant InterContinental Hotels Group, PLC's principal office is located at Broadwater Park, Denham, Buckinghamshire UB9 5HR United Kingdom.

Said Defendant also has a principal office located in the United States at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30346  Said Defendant is not registered to conduct business is the Commonwealth of Kentucky. For that reason, said Defendant's registered agent for service of process for actions arising out of the Commonwealth of Kentucky is the Kentucky Secretary of State.

    5. Defendant InterContinental Hotels Group Resources, Inc. is a Delaware corporation having a principal office located at c/o Law Department, 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30346. Said Defendant's registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

    6. Defendant InterContinental Hotels Group, Inc. is a Delaware corporation.  Its principal office is located at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30346-2149. Because said Defendant has not registered to be business in the Commonwealth of Kentucky, its registered agent for service of process for claim arising from within the Commonwealth of Kentucky is the Kentucky Secretary of State.

    7. Defendant InterContinental Hotels Group Operating Corp is a Delaware corporation having its principal office located at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30346-2149. Because said Defendant has not registered to do businesses in the Commonwealth of Kentucky, its registered agent for service of process for actions arising out of the Commonwealth of Kentucky is the Kentucky Secretary of State.

    8. Defendant InterContinental Hotels Group (USA) Franchising, Inc. is a Delaware corporation having its principal office located at 3 Ravinia, Suite 100,

Atlanta, Georgia 30346-2149. Because said Defendant is not registered to do business in the Commonwealth of Kentucky, its registered agent for service of process for claims arising from the Commonwealth of Kentucky is the Kentucky Secretary of State.

9.  IHG Army Hotels, InterContinental Hotels Group, PLC, InterContinental Hotels Group, Inc., InterContinental Hotels Group Resources, Inc., InterContinental Hotels Group Operating Corp., and InterContinental Hotels Group (USA) Franchising, Inc. shall be collectively referred to herein as the "IHG Defendants."

## JURISDICTION

10.  This case arises out of business and actions occurring in the Commonwealth of Kentucky. For that reason, this court has personal jurisdiction over each of the defendants under Kentucky's long arm jurisdiction statute.

11.  This court has subject matter jurisdiction of this case under 28 USC 1332 as there is diversity of citizenship between the plaintiff and each of the defendants and the amount in controversy exceeds $75,000.00.

## CLAIMS

12.  The IHG Defendants and Defendant LendLease, at all times relevant hereto, leased, controlled, operated, owned and/or possessed the Holiday Inn Express (Turner Guest House) as a hotel located at 82 Texas Avenue, Ft. Campbell, KY, which is within the boundaries within the boundaries of the Commonwealth of Kentucky. At all times mentioned, the IHG Defendants and Defendant LendLease had a duty to exercise ordinary care to keep the above premises in a reasonably safe condition and warn invitees of dangers that are latent, unknown or not obvious.

13. At times prior to January 11, 2017, the IHG Defendants and/or Defendant LendLease contracted with Defendant Pro Construction, Inc. to make certain major renovations and improvements to the above-referenced Holiday Inn Express (Turner Guest House), which included renovations and improvements to the guest suites including the installation of new shower facilities in some or all of the guest suite bathrooms.

14. Upon the completion of renovations and improvements to the Holiday Inn Express (Turner Guest House), the IHG Defendants and LendLease each had the opportunity to inspect and examine the renovations and improvement to the hotel's guest suites to ensure the safety of the completed renovations and improvements prior to making those guest suites available to the hotel's paying guests.

15. On 11, 2017, Plaintiff was a paying guest and invitee at the Holiday Inn Express (Turner Guest House), which was shortly after the completion of some or all of the above-referenced major renovations and improvements. The Holiday Inn Express (Turner Guest House) employees who checked the Plaintiff into the hotel indicated that the Plaintiff would be the first guest in the particular guest suite to which the plaintiff was assigned following the renovations of that guest suite.

16. While in his guest suite on January 11, 2017, Plaintiff took a shower in the bathroom of his guest suite. The shower facility was a walk-in shower that was a part of the above-referenced renovations and improvements. While in the shower, the Plaintiff sat on a shower bench in the walk-in shower to wash his feet. The Plaintiff then crossed his right leg over his left to wash his right foot, which is a use for which the shower bench was specifically designed.

17. When the Plaintiff crossed his right leg over his left leg, the bench collapsed (pulling completely out of the wall) and the Plaintiff fell. As the plaintiff fell, he reached out with his right arm to catch himself. The Plaintiff's right elbow and pelvic bone made contact with the floor of the shower. The Plaintiff immediately noticed pain in his right shoulder.

18. The shower bench was defective and constituted an unreasonably dangerous condition of which each of the Defendants knew or should have known. Said condition was unreasonably dangerous on the premises of the Holiday Inn Express (Turner Guest House) in that it collapsed when used by the Plaintiff for the particular purpose for which it was installed. The shower bench was constructed and/or installed in a manner that made its use unsafe for invitees such as the Plaintiff. Each of the Defendants knew or should have known of the unreasonable dangerous condition of the shower bench and it was reasonable foreseeable to each of the Defendants that the use of the shower bench would injure hotel guests such as the Plaintiff.

19. The unreasonably dangerous condition of the shower bench was not obvious and was unknown to the Plaintiff. The Plaintiff used the shower bench just as it was intended to be used.

20. Each of the Defendants knew by exercise of reasonable care should have known of the dangerous condition, and should have realized hotel guests and invitees would not discover or realize the danger, or would fail to protect themselves against it.

21. Defendants failed to exercise reasonable and ordinary care to remedy the condition, or to protect or warn Plaintiff against the danger against the

unreasonably dangerous condition.  Defendants negligently failed to post any warnings of the dangerous condition or otherwise protect Plaintiff and other invitees from the condition, though knowing that invitees would attempt to use the shower bench just as the Plaintiff did.

22. Defendant Pro Construction, Inc. failed to exercise reasonable care in the construction and/or installation of the shower bench, which constituted negligence, a violation of applicable codes, and a breach of its contractual/warranty obligations to the other Defendants and to the Plaintiff.  Instead, Defendant Pro Construction, Inc. constructed and/or installed the show bench in a manner that created the unreasonably dangerous condition of the shower bench.  Said Defendant further failed to exercise reasonable and ordinary care to remedy the condition, or to protect or warn Plaintiff against the danger against the unreasonably dangerous condition that said Defendant created.  Said Defendant further negligently failed to post any warnings of the dangerous condition or otherwise protect Plaintiff and other invitees from the condition, though knowing that invitees would attempt to use the shower bench just as the Plaintiff did.  Said Defendant knew or should have known that its negligence would result in injury to one of the hotel's guests/invitees, such as the Plaintiff.

23. The IHG Defendants and Defendant LendLease failed to exercise reasonable care to inspect the shower bench to ensure its safety for use by the hotel guests/invitees, which constitutes negligence and breach contract/warranty obligations on the part of each of the IHG Defendants and Defendant LendLease to the Plaintiff.

24. As a proximate result of each Defendant's negligence and as result of each Defendant's breach of contract/warranty obligations and applicable building

codes, Plaintiff Mr. Schmidt suffered damages in the form of past and future medical expenses and past and future mental and physical pain and suffering in an amount exceeding $75,000.00.

25. The Defendants are jointly and severally liable to the Plaintiff for his damages, including past and future medical expenses and past and future mental and physical pain and suffering.

WHEREFORE, Plaintiff, Robert L. Schmidt, respectfully requests the following relief:

A. Judgment against each of the Defendants, jointly and severally, for damages in an amount that will fully and fairly compensation the Plaintiff for his injuries and damages;

B. Judgment against each of the Defendants for his legal fees, costs, and expenses incurred herein;

C. Jury trial on all issues triable; and

D. Any other relief to which the Plaintiff may be entitled.

Dated, this 10th day of January, 2018.

    */s/Jack N. Lackey Jr.*
    Jack N. Lackey Jr.
    DEATHERAGE, MYERS & LACKEY, PLLC
    701 South Main Street
    PO Box 1065
    Hopkinsville, Kentucky 42241-1065
    Telephone: 270-886-6800
    Facsimile:   270-885-7127
    Email: jlackey@dmlfirm.com